FULLAM, District Judge,
concurring.
Although I agree that the judgment of the District Court should be affirmed, I am unable to join fully in the opinions of my colleagues. The First Amendment rights of school children are undoubtedly somewhat more limited than the First Amendment rights of adults, as Judge Sci-rica’s Opinion demonstrates. But that does not mean that a nine-year-old child should be treated as if she were a preschooler. To suggest that neither Amanda Walker-Serrano nor her classmates had sufficient maturity to express or form valid opinions concerning the proposed class trip to the circus, I find unacceptable. I therefore do not share my colleagues’ seeming reluctance to hold that Amanda did indeed have a First Amendment right to circulate her petition. The crucial question, in my view, is whether any of the appellees violated Amanda’s Constitutional rights, or whether they were merely imposing reasonable time, place and manner restrictions upon her exercise of those rights. That, in turn, depends upon whether the circumstances gave rise to a reasonable perception of a “well-founded expectation of disruption”, Sypniewski v. Warren Hills Reg’l Board of Education, 307 F.3d 243, 253 (3rd Cir.2002).
We are reviewing a grant of summary judgment. Although the record discloses significant factual disputes as to whether there was any actual disruption or interference with the rights of other students, the District Court’s conclusion that, even if all such disputes were resolved in favor of the appellants, a distinct likelihood of disruption was present, is, in my view, unassailable. And, although Amanda was prevented from circulating her petition in the classroom, and on one occasion, in the playground at recess, the undisputed evidence establishes that she circulated her petition and otherwise exercised her First Amendment rights without interference from the defendants. The record as a whole clearly demonstrates that no Constitutional violation occurred.
*422 Finally, I note my agreement with the District Court’s ruling that, in any event, the defendants in their individual capacities are entitled to qualified immunity; that Mr. 'Leonard, the President of the School Board, had no liability in his official capacity; and that none of the named-defendants was responsible for any policy which infringed Constitutional rights.
For all of these reasons, I agree that the judgment appealed from should be affirmed.